# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>                       Plaintiff,<br>v.<br>TRINIDAD MORA-GARCIA,<br>                       Defendant. | Case No. 07cr2812WQH<br>                 09cv2597WQH<br><br>**ORDER** |
|---|---|

HAYES, Judge:

The matter before the court is the Motion for Waiver of Attorney Client- Privilege filed by the Plaintiff United States of America. (Doc. # 57).

On November 16, 2009, Defendant Trinidad Mora Garcia filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255.

On April 23, 2010, this Court entered an order stating in part:

> Defendant raises an additional ground for relief in his Reply relating to his claim of ineffective assistance of counsel. Defendant asserts that Attorney Berg failed to file an appeal upon Defendant's request. This assertion, if true, may establish that his representation fell below an objective standard of reasonableness. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). Because Defendant has alleged new facts supporting this ground for relief in his Reply, the Court will require Plaintiff to file a supplemental response addressing Defendant's allegations that Attorney Berg failed to file an appeal upon Defendant's request.

In order to respond to the Section 2255 motion, Plaintiff United States moves the Court for an order waiving Defendant's attorney-client privilege regarding any communications

which relate to the Defendant's section 2255 motion regarding ineffective assistance of counsel for failure to file an appeal. In *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003), the Court of Appeals stated "[t]he rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation dates back to at least *Hunt v. Blackburn*, 128 U.S. 464 (1988)." Defendant has asserted in his Section 2255 motion that his counsel Attorney Berg failed to file an appeal upon his request. The Court finds that the Defendant has impliedly waived any right he has to keep his communications with his attorney regarding this issue privileged. The Court concludes that a limited waiver of the attorney client privilege in order to resolve the Section 2255 motion regarding ineffective assistance of counsel for failure to file an appeal is proper.

IT IS HEREBY ORDERED that the Motion for Waiver of Attorney Client- Privilege filed by the Plaintiff United States of America (Doc. # 57) is granted regarding any communications which relate to the Defendant's section 2255 motion regarding ineffective assistance of counsel for failure to file an appeal.

DATED: May 5, 2010

**WILLIAM Q. HAYES**
United States District Judge

- 2 -