# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br>TRINIDAD MORA GARCIA,<br><br>    Defendant. | CASE NO. 07cr2812WQH<br>           09cv2597WQH<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Trinidad Mora Garcia. (Doc. # 43).

**BACKGROUND**

In an order filed on April 23, 2010, this Court found that there were no facts to support the Defendant's claim that he was without legal representation at any stage in this proceeding. The Court further found that there were no facts to support the claim of ineffective assistance of counsel as stated in the motion filed by the Defendant for relief pursuant to 28 U.S.C. § 2255. The Court stated:

> Defendant raises an additional ground for relief in his Reply relating to his claim of ineffective assistance of counsel. Defendant asserts that Attorney Berg failed to file an appeal upon Defendant's request. This assertion, if true, may establish that his representation fell below an objective standard of reasonableness. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). Because Defendant has alleged new facts supporting this ground for relief in his Reply, the Court will require Plaintiff to file a supplemental response addressing

Defendant's allegations that Attorney Berg failed to file an appeal upon Defendant's request.

IT IS HEREBY ORDERED that Plaintiff United States of America shall file a supplemental response to Defendant's Motion within 30 days, including a memorandum of law and fact and any and all relevant evidence in the form of declarations and exhibits, specifically addressing the issue of Attorney Berg's alleged failure to file an appeal upon Defendant's request. IT IS FURTHER ORDERED that Defendant has leave to file a reply to Plaintiff's supplemental response within 60 days of any supplemental response by the Plaintiff, including a memorandum of law and fact and any and all relevant evidence in the form of declarations and exhibits, specifically addressing the issue of Attorney Berg's alleged failure to file an appeal upon Defendant's request.

Doc. # 56 at page 8.

On May 13, 2010, the United States filed a Supplemental Opposition to Defendant's motion to vacate, set aside, or correct his sentence. The United States asserts that the record in this case conclusively established that the Defendant's failure to ask defense counsel to file a notice of appeal demonstrates that he was not denied effective assistance of counsel. The United States further asserts that the Defendant cannot demonstrate prejudice from his counsel's failure to file a notice of appeal.

On June 22, 2010, the Defendant filed a reply to the supplemental opposition. Defendant asserts that defense counsel Berg should have specialized in immigration law and should have obtained counsel from an immigration attorney. Defendant asserts that the failure to file a Notice of Appeal prejudiced him.

## LEGAL STANDARD

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that representation of counsel fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and thus in violation of the Sixth Amendment. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

**Deficient Performance**

In order to show that counsel's representations fell below an objective standard of

1 reasonableness, Defendant must identify "material, specific errors and omissions that fall
2 outside the wide range of professionally competent assistance." *United States v. Molina*, 934
3 F.2d 1440, 1447 (9th Cir. 1991) (citation omitted). The inquiry is "whether counsel's advice
4 was within the range of competence demanded of attorneys in criminal cases." *Turner v.*
5 *Calderon*, 281 F.3d 851, 879 (9th Cir. 2002) (internal quotations omitted). In making this
6 determination, the court applies a "strong presumption that counsel's conduct falls within the
7 wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

On December 8, 2008, at the sentencing hearing, the Court imposed a sentence of 77 months. The Court stated that this sentence "is slightly more than what Mr. Mora-Garcia received the last time he was before a court in this district for committing [the same] offense, but I do think that it is the minimum sentence to satisfy the 3553 factors." Doc. # 59-1 at page 10. At the conclusion of the sentencing hearing, the Court informed the Defendant of his right to appeal. The Court stated in part:

> [Court]: Do you understand, sir, that unless you file your written notice of your intention to appeal in this court and not the court of appeals within ten days from the entry of judgment, you will lose that right forever?
> [Defendant]: Yes.
> [Court]: Mr. Berg, are you going to assist your client in filing the notice of appeal?
> [Mr. Berg:] If he wishes it, I will, your honor.

Doc. # 59-1 at page 12.

On March 22, 2010, Defendant filed his Reply to the Government's Answer, which stated in part: "even though Petitioner asked, petitioned and requested to his attorney that he wanted counsel to file a notice of appeal soon after Petitioner was sentenced, Defense counsel Michael Berg simply declined, neglected and or demonstrated total indifference towards the Petitioner's request regarding the filing of a Notice of Appeal." Doc. # 55 at 4.

On May 13, 2010, the Government filed its Supplemental Opposition filed attaching the affidavit of defense counsel Berg which states in part:

> At no time did I ever indicate to [Mora-Garcia] what his sentence would be if he entered a plea of guilty.
> In fact, to the contrary, I had discussions with him that since he previously received a sentence for seventy(70) months from Judge Irma Gonzalez in 2001 for the same crime, we would be extremely fortunate if we were able to receive any type of sentence for less than that. Mr. Mora-Garcia agreed to plead guilty

> without the benefit of a plea agreement, so that we would be able to argue for any type of sentence.
> The Sentencing Summary Chart that I filed on Mr. Mora-Garcia's behalf requested 51 months. Mr. Mora-Garcia was aware of this and was in agreement with my request.
> Mr. Mora-Garcia and I did not have any discussions with regard to my filing an appeal on his behalf. At no time, did the topic ever come up. Even at sentencing, when he was advised of his right to appeal, there was no mention by Mr. Mora-Garcia to me of his request to have me file a Notice of Appeal. The 37 month sentence that he has discussed in his moving papers was never a topic of our conversation, especially in light of the fact that this was not even a sentence I pled for on his behalf.
> If Mr. Mora-Garcia had made any indication to me whatsoever that he wanted me to file a Notice of Appeal on his behalf, I would have done so. In fact, the first I heard about it was when he called me from custody approximately 6 months after he was sentenced informing me of the fact that he wanted to appeal his sentence and wished to receive a copy of his discovery. Attached as Exhibit One is a copy of a letter I sent to Mr. Mora-Garcia after our phone call which was included along with the copy of his file that I mailed to him.

Doc. # 59-2.

On June 22, 2010, Defendant filed his Supplemental Opposition to the United States' Supplemental Opposition asserting that defense counsel Berg should have been a specialist in immigration law. Defendant's supplemental pleading does not provide any facts regarding his claim that defense counsel Berg failed to file an appeal despite his request. Defendant's supplemental pleading does not provide any facts which contradict any statement made by defense counsel Berg in his affidavit.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) the United States Supreme Court stated "[w]e have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." The Court stated "[w]e hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

The record in this case contains uncontradicted evidence that this Court informed the Defendant in open court of his right to appeal and that his counsel stated in open court that he would assist the Defendant in filing an appeal if he wished. There is no evidence that the

1  Defendant informed defense counsel Berg that he wished to file a notice of appeal any sooner
2  than six months after the sentencing. Under the facts of this case, it was reasonable for Berg
3  to think that the Defendant did not wish to file an appeal. Defendant entered a plea of guilty
4  to the charge of deported alien found in the United States narrowing the possible challenges
5  to his conviction. Defendant received a sentence seven months greater than his previous
6  sentence for the same crime. Defendant's sentence was at the low end of the guideline range
7  and within the range of sentence that defense counsel informed him he would likely receive.
8  Defense counsel stated in open court that he would file a notice of appeal if the Defendant
9  wished him to do so. There are no facts in this case which would support a claim that Berg
10 rendered constitutionally deficient performance by failing to file a notice of appeal.

11     The Court provided the Defendant with an opportunity to come forward with "any and
12 all relevant evidence in the form of declarations and exhibits, specifically addressing the issue
13 of Attorney Berg's alleged failure to file an appeal upon Defendant's request." (Doc. # 56 at
14 9). Defendant has not come forward with any facts with would require an evidentiary hearing.
15 The facts in the record conclusively show that the Defendant informed defense counsel
16 approximately six months after his sentencing that he wanted to file an appeal. Where "the
17 motion and the files and records of the case conclusively show the prisoner is entitled to no
18 relief," the Court may deny Defendant's request for an evidentiary hearing. *See* 28 U.S.C. §
19 2255. Based upon the record in this case, the Court concludes that there are no material facts
20 in dispute and an evidentiary hearing is not required.

21 **Prejudice**

22     At sentencing hearing, the Court found the guideline range to be 77-96 months and
23 imposed a sentence of 77 months. Defendant has not identified any possible appealable issue
24 related to his decision to enter a plea of guilty or the sentence imposed. The Court further
25 finds that the Defendant has failed to demonstrate any prejudice from the fact that a notice of
26 appeal was not filed in his case.

27                         **CONCLUSION**

28     The Court concludes that there are no grounds upon which Defendant is entitled to

1  prevail on his motion to vacate judgment, set aside or correct conviction and sentence pursuant
2  to 28 U.S.C. § 2255.
3      IT IS HEREBY ORDERED that the motion under 28 U.S.C. §2255 to vacate, set aside,
4  or correct sentence filed by the Defendant Trinidad Mora-Garcia (Doc. # 43) is denied.

DATED:  August 2, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge